**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS A. NATION,<br><br>                    Plaintiff,<br><br>          v.<br><br>J.P. MORGAN CHASE BANK, N.A.,<br>JOHN DOES 1-10 and/or XYZ CORPS.<br>1-10,<br><br>                    Defendants. | Case No. 22cv6585 (EP) (LDW)<br><br>**OPINION** |

**PADIN, District Judge.**

This matter comes before the Court upon Defendant J.P. Morgan Chase Bank, N.A.'s ("Chase") motion to dismiss Plaintiff Thomas A. Nation's Complaint, which alleges that Chase reported inaccurate information about Nation to credit reporting agencies. The Court decides this motion on the papers pursuant to Fed. R. Civ. P. 78 and L.Civ.R.78.1(b). For the reasons set forth below, Chase's motion will be **GRANTED**.

**I.    BACKGROUND**[1]

Nation, a New Jersey resident, filed suit against Chase, a Delaware corporation with over 180 New Jersey locations, alleging that Chase improperly sought to hold Nation personally responsible for the outstanding balance of a corporate credit card and fraudulently reported the same to credit reporting agencies. D.E. 1-1 ("Compl.") ¶¶ 1-2, 6, 13, 15, 23.

---

[1] The facts in this section are taken from the well-pled factual allegations in the Complaint, which the Court presumes to be true for purposes of resolving the instant motion. *See Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 158 n.1 (3d Cir. 2012).

An unspecified number of years ago, New York Actors Connection, Inc. (the "Defunct Business"), of which Nation was a shareholder prior to it going out of business, opened a corporate credit card account with Chase. *Id.* ¶¶ 4-5. At an unspecified time after the Defunct Business went out of business, Chase sought repayment from Nation on the outstanding balance of the Defunct Business's corporate credit card ("Outstanding Balance"). *Id.* ¶ 6. On May 24, 2022, Nation contacted Chase seeking documentation explaining why he was being held personally responsible for the Outstanding Balance. *Id.* ¶ 7. Nation alleges that Chase did not provide him with a copy of the original application or agreement used to open the Defunct Business's corporate credit card.[2] *Id.* ¶ 11. However, Chase did provide Nation with an account agreement, which explained that Nation was personally responsible for the Outstanding Balance as an "authorizing officer" of the Defunct Business's corporate credit card. *Id.* ¶¶ 8, 12. Nation claims he never signed any agreement related to the Defunct Business's corporate credit card. *Id.* ¶¶ 9, 12.

In May 2022, Nation learned that Chase had reported to all the credit reporting agencies that Nation was personally responsible for the Outstanding Balance. *Id.* ¶ 13. Nation's credit score subsequently plummeted. *Id.* Nation demanded that Chase send notices to all the credit reporting agencies advising them that he was not personally responsible for the Outstanding Balance. *See id.* ¶ 14. Chase did not adhere to Nation's demand. *Id.* ¶ 15.

Nation then filed a two-count Complaint for "Specific Performance" and "Consumer Fraud." *Id.* ¶¶ 17-26. Nation first filed in state court; however, Chase subsequently removed the suit to this Court based on federal question jurisdiction, 28 U.S.C. §§ 1331 and 1441(b). D.E. 1 ¶ 5. Pursuant to Fed. R. Civ. 12(b)(6), Chase now moves to dismiss Nation's Complaint. D.E. 4-1

---

[2] But Chase attaches to its motion what it claims is the original application from 2016 used to open the account, which includes Nation's personal information. Ultimately, the Court does not rely upon the contents of this application for purposes of this Opinion.

("Mot."). Nation has filed an opposition. D.E. 7 ("Opp'n"). Chase has filed a reply. D.E. 8 ("Reply").

## II.   LEGAL STANDARD

A defendant may move to dismiss an action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In reviewing a motion to dismiss for failure to state a claim, a reviewing court accepts all well-pled factual allegations as true, construes the complaint in the plaintiff's favor, and determines "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks and citation omitted). To survive a Rule 12(b)(6) challenge, the plaintiff's claims must be facially plausible, meaning that the well-pled factual allegations "allow[ a reviewing] court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Finally, "[i]n deciding a Rule 12(b)(6) motion, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis in original) (quoting *Shaw v. Digital Equipment Corp.*, 82 F.3d 1194, 1220 (3d Cir. 1996)) (holding that a court reviewing a motion to dismiss may consider a "'*document integral or explicitly relied upon* in the complaint'" without converting the motion into one for summary judgment); *PBGC v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir.

1993) (holding that a court may examine an "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document").

## III.   DISCUSSION

Chase challenges both claims in the Complaint. For the reasons that follow, the Court will dismiss both claims.

### A.   The Fair Credit Reporting Act Generally

The Fair Credit Reporting Act ("FCRA") requires furnishers of credit information to provide credit reporting agencies with accurate data. *See* 15 U.S.C. § 1681 *et seq.* The FCRA contains two preemption provisions.  The first, Section 1681t(b)(1)(F), provides: "[n]o requirement or prohibition may be imposed under the laws of any State…with respect to the subject matter regulated under…[S]ection 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies…." The second, Section 1681h(e), provides: "no consumer may bring any action or proceeding in the nature of…negligence with respect to the reporting of information against any…person who furnishes information to a consumer reporting agency…except as to false information furnished with malice or willful intent to injure such consumer." Courts in this Circuit have consistently held that the FCRA preempts common law and statutory state law claims. *See Burrell v. DFS Services, LLC*, 753 F. Supp. 2d 438, 449-451 (D.N.J. 2010) (explaining that the FCRA "leave[s] no room for state law claims against furnishers of information…regardless of whether those claims are couched in terms of common law or state statutory obligations"); *Bertollini v. Harrison*, 2019 U.S. Dist. LEXIS 90528, at *7-10 (D.N.J. May 30, 2019) (analyzing the FCRA's broad preemptive effect and following *Burrell*'s approach); *Ramos v. Wells Fargo, N.A.*, 2019 U.S. Dist. LEXIS 69996, at *26 (D.N.J. Apr. 24, 2019) (adopting *Burrell*'s "total preemption approach" with respect to "a

4

furnisher of information's duties to report information to credit reporting agencies"); *Ameri v. Equifax Info.*, 2015 U.S. Dist. LEXIS 34151, at *13 (D.N.J. Mar. 19, 2015) (same); *Edwards v. Equable Ascent, FNCL,* LLC, 2012 U.S. Dist. LEXIS 54112, at *18 (D.N.J. Apr. 16, 2012) (same); *Nonnenmacher v. Capital One*, 2011 U.S. Dist. LEXIS 35639, at *10 (D.N.J. Mar. 31, 2011) (same).

### B. Nation's Specific Performance Claim Will be Dismissed

In the first count, "Specific Performance," Nation alleges that he put Chase on notice that its reporting of Nation's personal responsibility for the Outstanding Balance to the credit reporting agencies is fraudulent, that Chase is acting in bad faith by continuing to report this information, and therefore, that Chase should be compelled to report to the credit agencies that they should remove the Outstanding Balance from Nation's credit history.  Compl. ¶¶ 17-20.  Numerous issues merit dismissal of the first count.

First, specific performance is an equitable remedy, not an independent cause of action. *ADP, LLC v. Capote*, 2015 U.S. Dist. LEXIS 191019, at *3 n.2 (D.N.J. July 28, 2015); *Cotter v. Newark Hous. Auth.*, 2010 U.S. Dist. LEXIS 25349, at *13 (D.N.J. Mar. 17, 2010) (citations omitted) (same).  "Therefore, to state a claim for specific performance, [Nation] must also have alleged a valid and enforceable contract." *Cherry Hill Partners at Vill. Place, LLC v. Wachovia Bank, N.A.*, 2011 U.S. Dist. LEXIS 70678, at *21 (D.N.J. June 30, 2011) (citations omitted). Nation alleges the opposite of a valid and enforceable contract: the lack of any agreement with Chase. *See, e.g.*, Compl. ¶¶ 5, 9.  Without alleging the existence of a valid contract, specific performance is not an appropriate remedy, and the first count of the Complaint, "Specific Performance," must be dismissed.

Alternatively, irrespective of the first count's labeling, the Court construes the contents of the claim liberally, and finds that Nation nevertheless fails to state a claim for relief. In the first instance, Nation claims that Chase's actions constitute "bad faith" by reporting to the credit agencies that he was (and still is) personally responsible for the Outstanding Balance. Compl. ¶ 18. If this is an attempt to allege a claim for bad faith, Nation's attempt fails because "in the absence of a contract, there can be no claim for bad faith," *Stewart Title Guar. Co. v. Greenlands Realty, LLC*, 58 F. Supp. 2d 370, 385 (D.N.J. 1999), and the premise of Nation's entire Complaint is that there is no contract between him and Chase. Nation cannot have it both ways.[3]

Additionally, Nation also alleges that Chase was "fraudulently reporting to all credit agencies [inaccurate information]." Compl. ¶ 18. However, regardless of how Nation attempts to plead a fraud claim, the FCRA preempts such claims to the extent that they allege inaccurate reporting to credit reporting agencies. *See, e.g.*, *Franchino v. J.P. Morgan Chase Bank, N.A.*, 2020 U.S. Dist. LEXIS 99663, at *3 n.2 (D.N.J. June 8, 2020) (citation omitted) ("To the extent that [the plaintiff] asserts common-law or state law claims related to the inaccurate reporting to the credit bureaus by Chase, those claims are preempted by Section 1681t(b)(1)(F) of the FCRA."). Therefore, even if, in the alternative, the first count is interpreted as a "bad faith" or "fraud" claim, it fails.

Accordingly, Nation's first count, "Specific Performance," will be dismissed.

**C. Nation's New Jersey Consumer Fraud Act Claim Will be Dismissed**

Nation's second count, "Consumer Fraud," alleges that by improperly seeking to hold Nation responsible for the Outstanding Balance and its subsequent reporting of that information to

---

[3] Even if Nation were to plead a breach of contract claim, it would likewise be preempted by the FCRA. *See supra* Sections III.A. & B. (outlining breadth of the FCRA's preemption over common law and statutory state claims).

the credit reporting agencies, Chase has engaged in "deceptive business practices and [is] in violation of the New Jersey Consumer Fraud Act." *Id.* ¶¶ 21-26. Preemption by the FCRA merits dismissal of the second count.

The second count, brought under the New Jersey Consumer Fraud Act ("NJCFA"), falls squarely within the FCRA's ambit, and thus, is preempted.[4] Specifically, Nation's "destroyed" "credit score" "rendering him unable to secure loans to finance his personal businesses and causing him substantial financial damages" are damages flowing directly from Chase's purportedly false reports to the credit reporting agencies. *See* Compl. ¶¶ 24-25. Thus, Chase's reporting of allegedly inaccurate data to the credit reporting agencies is undoubtedly regulated by the FCRA. *See Hutchinson v. Del. Sav. Bank FSB*, 410 F. Supp. 2d 374, 384-85 (D.N.J. 2006) (concluding that the plaintiffs' "negative credit ratings and inability to obtain other financing are damages flowing from [the defendants'] alleged [loan] delinquency reports to credit bureaus. Such conduct is regulated by [the] FCRA and is therefore preempted by [the] FCRA."); *id.* (citing *DiPrinzio v. MBNA Bank, N.A.*, 2005 U.S. Dist. LEXIS 18002, at *23 (E.D. Pa. Aug. 24, 2005) (plaintiff's claim under Pennsylvania's Consumer Protection Law arising out of defendant's alleged erroneous credit reporting was preempted by FCRA)); *id.* (citing *Jamarillo v. Experian Info. Sols., Inc.*, 155 F. Supp. 2d 356, 361-62 (E.D. Pa. 2001) (holding that action under Pennsylvania's Consumer

---

[4] In his opposition, Nation puts forth two seemingly irreconcilable positions: (1) because he is not a "consumer" of Chase's credit services and is not in privity with Chase, it follows that the FCRA does not apply, and therefore, his asserted claims cannot be preempted by the FCRA, *see* Opp'n at 3-4; and (2) because Nation disputed his personal responsibility for the Outstanding Balance with Chase but Chase did not inform the credit reporting agencies of the dispute, it follows that Nation has a viable FCRA claim, *id.* at 4-6. Nation cannot have it both ways, either the FCRA applies or it does not. For the reasons expressed in this Opinion, the FCRA does apply. And because it applies, it preempts Nation's asserted claims.

Protection Law arising out of allegedly false credit reporting was preempted by FCRA)). Thus, the FCRA preempts Nation's NJCFA claim.

Accordingly, Nation's second count, "Consumer Fraud," will be dismissed.

### D. Nation Will be Granted Leave to Amend

Nation requests that if his claims are dismissed that he be granted leave to amend. Opp'n at 7. When a claim is dismissed pursuant to Fed. R. Civ. P. 12(b)(6), leave to amend is typically granted unless amendment would be futile. *In re Burlington Coat Factory Litig.*, 114 F.3d at 1434. A claim is futile if an amended iteration would still fail to state a claim for relief. *Id.* (citing *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)).

Here, any common law or statutory state law claims, *i.e.*, a claim under the NJCFA or common law fraud, flowing from Chase's purportedly inaccurate reporting to the credit reporting agencies are preempted by the FCRA. *See supra* Sections III.A. & B. Accordingly, to the extent that Nation seeks to pursue common law or statutory state law claims arising from Chase's reporting to the credit reporting agencies, they will be dismissed with prejudice.

However, to the extent that Nation wishes to pursue a claim pursuant to Section 1681s-2(b) of the FCRA, he will be granted leave to amend his Complaint. But Nation is cautioned that pursuing a claim under the FCRA requires adherence to its procedural requirements. *See Burrell*, 753 F. Supp. 2d at 445 (explaining that Section 1681s-2(b) requires consumers to first file a complaint with a credit reporting agency before bringing a suit against a furnisher of credit information). Accordingly, to the extent that Nation wishes to pursue a claim under the FCRA, Nation will be granted leave to amend.

### IV. CONCLUSION

For the reasons set forth above, Chase's motion to dismiss will be **GRANTED**. Both counts of the Complaint will be **DISMISSED**. To the extent that Nation attempts to plead common law or statutory state law claims arising from Chase's reporting to the credit reporting agencies, dismissal of those claims is with prejudice. To the extent that Nation attempts to plead a claim under the FCRA, he will be **GRANTED** leave to amend. An appropriate Order accompanies this Opinion.

Dated: August 3, 2023

*Evelyn Padin*
Evelyn Padin, U.S.D.J.